**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANDRA HINES,**
**DOROTHY HINES,**

          **Plaintiffs,**

**-vs-**                           **Case No. 6:08-cv-02-Orl-19DAB**

**HI FONIX, INC.,**
**JOO JINN KIM**

          **Defendants**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO WITHDRAW AS ATTORNEY (Doc. No. 27)**
>
> **FILED:**      **October 8, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the action be **dismissed, for failure to prosecute**.

Plaintiffs filed suit against Defendant Hi Fonix, Inc. and co-Defendant Hoo Jinn Kim for alleged violation of the Fair Labor Standards Act. Hi-Fonix did not respond to the Complaint, and the Clerk entered a default against it, on Plaintiffs' motion (Doc. Nos. 18-20). Curiously, the docket reflects that Plaintiffs voluntarily dismissed their action against the corporate defendant, following the clerk's entry of default against it (Doc. No. 21). As for the individual defendant, Mr. Kim filed

an Answer, but failed to respond to other Orders of the Court, and the District Judge directed an entry of default against him (Doc. No. 22, 23).

In a paper filed with the Court on September 17, 2008, Plaintiff's counsel advised that "On September 3, 2008, the Plaintiffs contacted the undersigned's office by telephone and requested that the matter be dismissed and that they no longer wishes to pursue this matter." (Doc. No. 25). The Court reviewed the filing and ordered Plaintiffs' counsel to "advise the Court on or before October 8, 2008 whether Plaintiffs wish to abandon prosecution of this case, or Plaintiffs shall file a Motion for Default Judgment. . . " (Doc. No. 26). The instant motion to withdraw followed. The motion reiterates that Plaintiffs had contacted counsel's firm and "requested the Pantas Law Firm dismiss this matter without prejudice." (Doc. No. 27). The motion advises that Plaintiffs had not communicated further with counsel and had not returned formal papers of dismissal. The Court concludes that the foregoing establishes that Plaintiffs have abandoned their case, and that dismissal for failure to prosecute is appropriate.

It is therefore **respectfully recommended** that the motion be **denied, as moot,** and that the action be **dismissed for failure to prosecute**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 15, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy